IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MASON MONTRELL MCCORMICK**                                            **PLAINTIFF**

**v.**                        **CIVIL ACTION NO. 1:19-CV-976-HSO-JCG**

**UNKNOWN KROUSE, et al.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Mason Montrell McCormick, who is proceeding *pro se* and *in forma pauperis*. He has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Deputy Unknown Krouse, Sheriff Troy Peterson, Harrison County Board of Supervisors, and Harrison County Adult Detention Center on December 18, 2019. He alleged that on September 9, 2017, while he was handcuffed and shackled, Defendant Krouse slammed him into a table, placed a pair of "sizers" on his neck, cut him, slammed him onto the floor, and put his knee on his neck (ECF No. 1). He later added Earl Leonard as a Defendant (ECF No. 11), while his claims against Sheriff Peterson, the Board of Supervisors, and the Detention Center were dismissed (ECF No. 12). After Krouse and Leonard raised Plaintiff's failure to exhaust as a defense (ECF No. 17), the Court set a deadline for Defendants to file any motions based on failure to exhaust administrative remedies (ECF No. 19). On June 22, 2020, Plaintiff filed a "Motion that ARP Remedies was

1

Done" (ECF No. 20). Although Plaintiff contends that he exhausted administrative remedies, he provided no evidence supporting his claims. His Motion is also unsigned and fails to request any type of relief. Thereafter, on July 21, 2020, Defendants filed a Motion for Summary Judgment due to Plaintiff's Failure to Exhaust Administrative Remedies (ECF No. 23). They allege that Plaintiff filed multiple Level I grievances concerning the incident, but he never pursued these grievances beyond Level I, despite the fact that the Detention Center had a three-step grievance process. Defendants provided copies of these grievances.

Plaintiff failed to respond to Defendants' Motion. Therefore, the Court entered an Order to Show Cause (ECF No. 25) on August 17, 2020. Plaintiff's deadline to respond was September 10, 2020. The Court mailed the Order to Plaintiff's address of record. After Plaintiff failed to respond to the Order, the Court entered its Second Order to Show Cause (ECF No. 27) on September 17, 2020. Plaintiff's deadline to respond was October 9, 2020. The Order was again mailed to Plaintiff's address of record. To date, Plaintiff has not responded to either Order to Show Cause or the Motion for Summary Judgment.

The Court has the authority to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the

parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to either of the Court's Orders to Show Cause (ECF Nos. 25 & 27). Plaintiff was warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case being dismissed. Mail sent to the Plaintiff has been returned undeliverable three times (ECF Nos. 22, 26, & 28). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since filing his Motion on June 22, 2020. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that this action be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 22nd day of October, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE