IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MASON MONTRELL MCCORMICK** | § § § § | **PLAINTIFF** |
| v. | § § § | Civil No. 1:19-cv-976-HSO-JCG |
| **UNKNOWN KROUSE, et al.** | § § § § | **DEFENDANTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [29] AND DISMISSING CASE WITHOUT PREJUDICE**

BEFORE THE COURT is United States Magistrate Judge John C. Gargiulo's Report and Recommendation [29], which recommends dismissing this action without prejudice. After due consideration of the Report and Recommendation [29], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [29] should be adopted and that this action should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Mason Montrell McCormick ("Plaintiff") filed suit against Deputy Unknown Krouse, Sheriff Troy Peterson, Harrison County Board of Supervisors, and Harrison County Adult Detention Center on December 18, 2019, alleging that on September 9, 2017, while he was handcuffed and shackled, Defendant Krouse slammed him into a table, placed a pair of "sizers" on his neck, cut him, slammed

him onto the floor, and put his knee on Plaintiff's neck. Compl. [1] at 5. Plaintiff later added Earl Leonard as a Defendant, Order [11] at 1, and his claims against Sheriff Peterson, the Board of Supervisors, and the Detention Center have been dismissed, Order [12] at 6-7. Defendants Krouse and Leonard raised Plaintiff's failure to exhaust administrative remedies as an affirmative defense in their Answer [17], at which time the Court set a deadline of July 7, 2020, for Defendants to file any motions based on failure to exhaust administrative remedies. Order [19] at 2. On June 22, 2020, Plaintiff filed an unsigned "Motion that ARP Remedies was Done" contending that he had exhausted administrative remedies, but providing no evidence to support his claims. Mot. [20] at 1.

Defendants filed a Motion [23] for Summary Judgment on July 21, 2020, for Plaintiff's failure to exhaust administrative remedies, maintaining that Plaintiff never pursued his grievances beyond the initial filing, taking no further steps in his administrative appeal. Mem. [23] at 4. Plaintiff failed to respond to Defendants' Motion, prompting the Court to enter an Order [25] to Show Cause on August 17, 2020, which was mailed to Plaintiff's address of record. Plaintiff's response was due on September 10, 2020, Order [25] at 2, but he failed to respond to the Order. The Court therefore entered a Second Order [27] to Show Cause on September 17, 2020, directing Plaintiff to respond by October 9, 2020. Order [27] at 2. The Order [27] was mailed to Plaintiff's address of record and, to date, Plaintiff has not responded

2

to either of the Court's Orders [25], [27] or Defendants' Motion [23] for Summary Judgment.

On October 22, 2020, the Magistrate Judge entered a Report and Recommendation [29], recommending that the Court dismiss this action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). R. & R. [29] at 2. The Report and Recommendation concluded that there is "a clear record of delay and contumacious conduct by Plaintiff," having not responded to either of the Court's Orders [25], [27] to Show Cause, and noted that mail sent to Plaintiff has been returned as undeliverable three times, No. [22], [26], [28]. R. & R. [29] at 3. The Report and Recommendation found that "[l]esser sanctions than dismissal would not prompt diligent prosecution." *Id.* Plaintiff has not filed an Objection to the Report and Recommendation, and the time for doing so has passed.

## II.   DISCUSSION

A.   Standard of Review

Because Plaintiff has not objected to the Magistrate Judge's Report and Recommendation [29], the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1). The Court need only review the Report and Recommendation [29] and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.   Analysis

Having conducted the required review, the Court finds that the Report and Recommendation [29] is neither clearly erroneous nor contrary to law and that it should be adopted as the finding of the Court. Plaintiff's claims should be dismissed without prejudice for failure to prosecute.

The Court further finds that Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA requires that, before a prisoner may file an action pursuant to 42 U.S.C. § 1983, he must properly exhaust administrative remedies. *Id.*; *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010). The prison grievance process is mandatory and a district court lacks discretion to excuse a prisoner's failure to exhaust the prison grievance process before filing a complaint in federal court. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Harrison County Adult Detention Center's ("HCADC") Inmate Handbook establishes a three-level written grievance process and requires inmates to use that process before filing a complaint and initiating a lawsuit. Ex. [23-4] at 20-21. If an inmate is not satisfied with the Level I response, he or she may proceed to Level II, and then to Level III (the final step). *Id.* at 20. According to evidence provided by Defendants in support of their Motion [23] for Summary Judgment, Plaintiff filed multiple Level I grievances pursuant to the grievance process, but never pursued a Level II grievance after receiving a response in accordance with the HCADC policies

4

and procedures. Ex. [23-2] at 2; Ex. [23-3]. Plaintiff has acknowledged submitting the initial grievances but offers no evidence that he pursued the grievances beyond Level I. Mot. [20]. Based on the Court's review of the record, Plaintiff plainly failed to exhaust his administrative remedies, in addition to failing to prosecute.

### III.  CONCLUSION

The Court finds that the Magistrate Judge's Report and Recommendation [29] should be adopted and that this action should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [29], entered in this case on October 22, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 19th day of November, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE